UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT C. OSTRANDER,

        Plaintiff,

    -vs-              07-CV-852-JTC

DENTISTRY BY DR. KAPLANSKY, PLLC;
FREID AND KLAWON, Attorneys at Law;
and
ADAM B. CONNERS, Employee of
Freid and Klawon,

        Defendants.

---

Plaintiff, proceeding *pro se* and *in forma pauperis*, brought this action against defendants Dentistry By Dr. Kaplansky, PLLC; Freid and Klawon, Attorneys at Law; and Adam B. Conners, an attorney at Freid and Klawon, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a), *et seq*. Defendants move pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure to dismiss the complaint for failure to state a claim upon which relief can be granted and/or for summary judgment.

## **BACKGROUND**

As alleged in the amended complaint (Item 6), on December 5, 2007, plaintiff received a letter dated December 3, 2007 from Freid and Klawon, signed by Mr. Conners, stating as follows:

> Please be advised that my office represents Dr. Kaplansky. Your account was referred to my office for collection . . . . My records indicate that you are indebted to my client in the sum of $69.20. Please forward your

> check to my office upon receipt of this letter in said amount by December 17, 2007 to settle this account.
>
> If legal proceedings are commenced, in addition to the principal indicated above, there will be additional interest, court costs and disbursements which my client will seek.
>
> It is important for you to give this matter your immediate attention. Thank you for your courtesy and cooperation.
>
> . . . .
>
> **ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THIS DEBT.**

(Item 6, Ex. 1).

Plaintiff responded to this letter by sending Freid and Klawon a "NOTICE OF PENDING LAWSUIT," stating:

> You will have until December 17, 2007 to respond to this I will entertain your settlement agreement [sic]. Barring lack of response from you in this matter, we will proceed to the Federal Courts to resolve. Do not make the mistake of ignoring this. The ball is in your court.

(Item 18, Ex. C). Attached to the notice was a draft pleading containing language identical in all material respects to the claims alleged in this action. The notice and draft pleading were sent by plaintiff on December 10, 2007, and delivered on December 11, 2007 (*see* USPS "Track and Confirm" notice, Item 1, Ex. P2).

Mr. Conners responded by letter dated December 14, 2007, advising plaintiff that:

> I have reviewed your "Notice of Pending Lawsuit" which is clearly without merit. In any event, however, given the minimal amount in dispute, my client, Dr. Kaplansky, has directed me to close our file in this matter.
>
> . . . .

**ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THIS DEBT.**

(Item 18, Ex. B).

Plaintiff then filed this action on December 26, 2007, alleging that Mr. Conners' initial letter of December 3, 2007 violated the following provisions of the FDCPA:

Section 1692e(11), which prohibits:

The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Section 1692g(a), which provides:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

. . . .

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Plaintiff also claims that Mr. Conners' subsequent letter of December 14, 2007 violated section 1692g(b), which provides:

-3-

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Plaintiff alleges that Mr. Conners' December 14 letter "overshadowed" or was "inconsistent with" the initial communication.

In the amended complaint, plaintiff seeks $1,000 in statutory damages on each of five counts against each of the three named defendants, plus punitive damages and attorneys fees (*see* Item 6).[1]

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. As an alternative, defendants seek summary judgment pursuant to Fed. R. Civ. P. 56.

For the reasons that follow, defendants' motion is granted.

---

[1] As noted, plaintiff filed his original complaint on December 26, 2007 (Item 1). In that pleading, plaintiff set forth five counts of alleged statutory violations under the heading, "Statement of Claim against Accelerated Agent of PSI," an obvious reference to a prior unrelated FDCPA action in which this court addressed similar claims brought by plaintiff against Accelerated Receivables, a debt collection agent for PSI Disposal, Inc. *See Ostrander v. Accelerated Receivables*, 2009 WL 909646 (W.D.N.Y. March 31, 2009). On February 21, 2008, prior to the filing of any responsive pleading, plaintiff filed his amended complaint in this action (Item 6), eliminating any reference to "Accelerated Agent of PSI" and adding separate "Statement[s] of Claim" against each of the three named defendants.

**DISCUSSION**

As the above background summary indicates, the operative facts pertaining to plaintiff's FDCPA claims in this case are contained in the three written communications exchanged by the parties during the first two weeks of December 2007, all of which are attached to the complaint as exhibits or incorporated therein by reference. These facts are not in dispute, the parties have not indicated the need for illumination of these facts through discovery, and plaintiff has had a reasonable opportunity to present all the material pertinent to defendants' request for entry of summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d); *cf. Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999) (essential inquiry is whether court's conversion of motion without notice deprived non-movant of reasonable opportunity to meet facts outside the pleadings).

Summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The court's role in determining a motion for summary judgment is not to try issues of fact, but rather to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

"The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish [its] right to judgment as a matter of law." *Rodriguez v. City of New York*, 72 F.3d 1051, 1060-61 (2d Cir. 1995). In determining whether a genuine issue of material fact exists, a court must

resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Gibbs-Alfano v. Burton*, 281 F.3d 12, 18 (2d Cir. 2002). To avoid entry of summary judgment, "the non-moving party may not rely simply on conclusory allegations or speculation . . . , but instead must offer evidence to show that its version of the events is not wholly fanciful." *Morris v. Lindau*, 196 F.3d 102, 109 (2d Cir. 1999) (quotation omitted).

In support of their motion for summary judgment in this case, defendants contend that the matters set forth in the communications exchanged by the parties during the first two weeks of December 2007 fail to establish plaintiff's entitlement to any relief under the FDCPA as a matter of law. Defendants also seek an order striking plaintiff's claims against the creditor (Dentistry by Dr. Kaplansky), as well as striking plaintiff's demands for damages and attorney's fees.

As noted above, the court has been down this statutory path with plaintiff before, under similar procedural circumstances. In *Ostrander v. Accelerated Receivables, et al.*, Civ. No. 07-CV-827C, plaintiff brought an action against a debt collection agency and its employees based on their efforts to collect the amount of $217.47 which plaintiff owed on an account with a disposal company. Plaintiff claimed in that case that the initial communication from the debt collector was by way of two voicemail messages left on his telephone, which failed to contain the disclosures required by the FDCPA. The debt collector moved to dismiss and/or for summary judgment on the ground that the voicemails were not the initial communication, but rather were left only after plaintiff failed to respond to two letters which contained the appropriate notices and disclosures.

Addressing the same three FDCPA provisions alleged to have been violated by defendants in this case, the court found that the letters provided plaintiff with adequate written notice of his right to dispute the validity of the debt, as specified under section 1692g(a), and that no contradictory language in any written or oral communication overshadowed the notice, in compliance with section1692g(b).  However, upon review of the transcripts of the voicemails, the court allowed plaintiff to proceed on his claim that the telephone messages failed to disclose that the communications were from a debt collector for the purpose of collecting a debt, as required by section 1692e(11).  *See Ostrander v. Accelerated Receivables*, 2009 WL 909646 (W.D.N.Y. March 31, 2009).

The FDCPA was enacted in 1977 "[a]s a response to 'the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid . . . .'" *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (quoting S.Rep. No. 95-382, at 4 (1977), *as reprinted in* 1977 U.S.C.C.A.N. 1695, 1699).  It gives the consumer enforceable rights to dispute a debt claimed by the debt collector, and to seek verification of the validity of the debt.  *Id.* (citing 15 U.S.C. § 1692g(b)).  Congress' declared purpose in enacting the FDCPA was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

In the Second Circuit, FDCPA claims are evaluated under an objective "least sophisticated consumer" standard, serving the dual purpose of (1) ensuring the protection of all consumers, even the "uninformed, naive, or trusting," against deceptive debt

collection practices, and (2) protecting debt collectors against liability for "bizarre or idiosyncratic interpretations of collection notices." *Ostrander*, 2009 WL 909646, at *5 (quoting *Dewees v. Legal Servicing, LLC*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007), and *Spira v. Ashwood Financial, Inc.*, 358 F. Supp. 2d 150, 156 (E.D.N.Y. 2005)); *see also Jacobson*, 516 F.3d at 90 ("Even in crafting a norm that protects the naive and the credulous, we have carefully preserved the concept of reasonableness.") (internal quotations and citations omitted).

Turning to the specific FDCPA provisions alleged to have been violated by defendants in this case, section 1692e(11) requires that the initial communication from the debt collector contain language notifying the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and subsequent communications must disclose that the communication is from a debt collector. These requirements are often referred to as the "Mini-*Miranda*" warnings. *Ostrander*, 2009 WL 909646, at *4 (citing *Foti v. NCO Financial Sys., Inc.*, 424 F. Supp. 2d 643, 650 (S.D.N.Y. 2006)).

The court's review of the language contained in the two letters from Mr. Conners reveals substantial compliance with these requirements. The initial communication advised plaintiff that Mr. Conners was attempting to collect a debt on behalf of his client, Dr. Kaplansky, and contained a notice in upper case bold-faced type that any information obtained would be used for that purpose. Upon receipt of plaintiff's "Notice of Pending Lawsuit," Mr. Conners sent plaintiff a second letter advising that Dr. Kaplansky had directed him to close the file given the minimal amount in dispute. The second letter also

contained the same bold-faced notice in upper case type that any information obtained from plaintiff would be used for the purpose of collecting the debt. Drawing all reasonable inferences in plaintiff's favor, there is nothing in this language that a reasonable juror might rely upon as a basis for finding the communications from Mr. Conners to have violated section 1692e(11) of the FDCPA.

However, plaintiff also alleges that the initial communication from Mr. Conners violated section 1692g(a)(3)-(5) which, read together, set forth the requirements for the debt collector to provide the consumer with written notice of the right to dispute the validity of the debt within thirty days from receipt of the notice. If this notice is not included in the initial communication, it must be provided to the consumer "within five days after the initial communication," unless "the consumer has paid the debt." 15 U.S.C. § 1692g(a).

In this case, the undisputed operative facts reveal that Mr. Conners' initial letter to plaintiff did not include the required notice of the right to dispute the debt within the 30-day validation period. Likewise, Mr. Conners did not provide plaintiff with the required notice within five days after his initial letter, and plaintiff has not paid the debt. Rather, upon receiving the initial communication from Mr. Conners on December 5, plaintiff responded on December 10 (five days later) with a letter which could be interpreted as an ultimatum to the debt collector to either respond within a week to plaintiff's offer to "entertain [a] settlement agreement," or answer a federal court lawsuit.

Certainly, in light of the Second Circuit's guidance to address FDCPA claims in a manner that "carefully preserve[s] the concept of reasonableness," *Jacobson*, 516 F.3d at 90, the court could not adopt such an interpretation. Rather, giving plaintiff full benefit of

the "least sophisticated consumer" standard, and once again drawing all inferences in his favor, plaintiff's December 10 letter could also be reasonably interpreted as an offer to settle the $69.20 debt, to which Mr. Conners responded by advising plaintiff that the collection file had been closed, and by ceasing any further debt collection activity—in essence, an acceptance of plaintiff's offer. Under ordinary circumstances, this should have ended the matter. It did not. Instead, plaintiff opted to pursue legal action in this court, seeking statutory damages, punitive damages, and attorney's fees based on the technical violations of the FDCPA outlined above.

The cases are clear that the FDCPA is a strict liability statute, *see Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F. Supp. 2d 336, 339 (E.D.N.Y. 2002), and that "[a] debt collector violates the Act by failing to provide the information it requires." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). "In other words, a debt collection agency violates the Act by failing to include mandatory disclosure provisions in demand letters, even if the lack of disclosure was not egregious and results in little or no harm." *Rosamilia v. ACB Receivables Management, Inc.*, 2009 WL 1085507, at *5 (D.N.J. April 22, 2009). As the Second Circuit has explained:

> Congress painted with a broad brush in the FDCPA to protect consumers from abusive and deceptive debt collection practices, and courts are not at liberty to excuse violations where the language of the statute clearly comprehends them. Congress provided ample discretion to courts, however, in assessing damages for violations of this statute.

*Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989).

Accordingly, based on this review of the applicable statutory and case law requirements, and in the absence of any genuine dispute about the operative facts, the court finds the evidence presented by way of this motion to be "so one-sided that [plaintiff] must prevail as a matter of law," *Anderson*, 477 U.S. at 252, on his claim that defendants failed to comply with the notice requirements set forth at section 1692g(a)(3)-(5). In addition, along with the notice that Dr. Kaplansky's collection file had been closed, Mr. Conners' December 14, 2007 letter also contained the prominently displayed notice that any information obtained from plaintiff would be used for the purpose of collecting the debt. Reading this communication in its entirety, a reasonable juror could find that it conveys "overshadowing or contradictory" messages in violation of section 1692g(b). *See Russell*, 74 F.3d at 35; *see also Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

Under the statute's damages provision, a prevailing plaintiff is entitled to an award of any actual damage sustained, plus "such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a)(2)(A). The court's "ample discretion" in assessing damages is guided by such factors as "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was unintentional." 15 U.S.C. § 1692k(b)(1); *see also Pipiles*, 886 F.2d at 27. The maximum amount of statutory damages under the FDCPA is $1,000.00 per action or proceeding, not per statutory violation. *See Sibersky v. Borah, Goldstein, Altschuler & Schwartz*, 242 F. Supp. 2d 273, 277 (S.D.N.Y. 2002) (citing cases).

In this case, plaintiff has not pleaded or shown that he suffered actual damages or any other type of harm as a result of defendants' debt collection activity, and there is no claim that defendants frequently or persistently failed to comply with the FDCPA. As reflected by the parties' communications, defendants' noncompliance on this one occasion was entirely technical in nature, and there is nothing contained in the record before the court to suggest any intent on the part of defendants to engage in the type of abusive and deceptive debt collection practices targeted by Congress in enacting the statute. Accordingly, plaintiff is not entitled to an award of any actual or statutory damages.

The law is also clear that plaintiff cannot sustain a claim against Dr. Kaplansky or his dental practice under the FDCPA, which "expressly limits its application to debt collectors, not creditors . . . ." *Doherty v. Citibank (South Dakota), N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005); *see also Owusu v. New York State Ins.*, 655 F. Supp. 2d 308, 327 (S.D.N.Y. 2009). As discussed above, the stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692(e). A debt collector is defined as:

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6). There are no factual allegations in the pleadings, and the record contains no proof, from which the reasonable inference could be drawn that Dr. Kaplansky or his dental practice fit this definition.

Plaintiff also seeks an award of attorney's fees and punitive damages. However, a *pro se* plaintiff who prevails on a FDCPA claim cannot recover attorney's fees for

representing himself. *Milton v. Rosicki, Rosicki & Associates, P.C.*, 2007 WL 2262893, at *3 (E.D.N.Y. 2007) (citing *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 694 (2d Cir. 1998)); *see also Ostrander*, 2009 WL 909646, at *7. Likewise, punitive damages are not recoverable under the FDCPA. *See* 15 U.S.C. § 1692k; *see also Spicer v. Lenehan*, 2004 WL 3112554, at *3 n. 3 (D.Conn. September 14, 2004); *Ostrander*, 2009 WL 909646, at *7.

Finally, having been granted permission to proceed *in forma pauperis*, and in the absence of a contrary showing, any costs incurred by plaintiff associated with this action must be deemed *de minimis*.

## **CONCLUSION**

Based on the foregoing, the court grants defendants' motion (Item 18) for summary judgment dismissing the amended complaint as a matter of law to the extent it seeks to impose liability for a violation of 15 U.S.C. § 1692e(11); to the extent it seeks any actual, statutory or punitive damages based on defendants' violations of 15 U.S.C. §§ 1692g(a)(3)-(5) and 1692g(b); to the extent it seeks to impose FDCPA liability on defendant Dentistry by Dr. Kaplansky, the creditor; and to the extent it seeks an award of attorney's fees and costs.

There being no further relief available to plaintiff, the Clerk of the Court is directed to enter judgment in favor of defendants, and to close the case.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: 3/26/2010

p:\opinions\07-852.mar1210